UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VLADIMIR GRIGOUS, Petitioner.

vs.

CIVIL ACTION NO.
3:02 CV 1440 (CFD)

JOHN ASHCROFT, ATTORNEY
GENERAL, UNITED STATES OF
AMERICA, Respondent

NOVEMBER 4, 2003

PETITIONER'S MOTION FOR SANCTIONS
and
OPPOSITION TO RESPONDENT'S MOTION FOR TRANSLATOR
and
REPLY TO RESPONDENT'S OPPOSITION TO
PETITIONER'S MOTION FOR DECISION

In an obvious effort to "poison the well," the Government, through Assistant U.S. Attorney Carolyn Ikari, in a Memorandum and Motion dated October 24, 2003, states as a fact that that undersigned counsel (Lucheme) attended the hearing held regarding this matter at the United States District Court in Hartford, Connecticut on October 2, 2003.

> Undersigned counsel notes that [Attorney Lucheme] was in the courtroom for the
> last hearing, apparently at Mr. Moore's invitation.
>     Attorney Ikari, Respondent's Opposition, p. 3, October 23, 2003

Though, even if true, such presence would be irrelevant, the fact of the matter is that on October 2, 2003, undersigned counsel was actually at the United States Court of Appeals for the Second Circuit, which, in case the Government needs directions, is located in the

Borough of Manhattan, City of New York and State of New York. The Government's conduct, including, apparently, some kind of background check on undersigned counsel, implicates at least Ethical Rules 3.3, 3.4, and 3.5, and Government, and its attorney, ought properly be sanctioned for a transparent attempt to unfairly discredit the undersigned in the eyes of the Court.

Undersigned counsel has no quarrel with legitimate advocacy by an opponent. But the Court ought to reasonably require the Respondent to stick to the issues. It is one thing to disagree. It is quite another to engage in a personal attack, or to use the power of the Government to launch a background investigation in a clear attempt to intimidate.

On the merits, the Petitioner's Motion for Order is a straightforward effort to move this matter "off the dime," where it has been stalled pending final resolution of the status of initial District Court counsel in this matter. It is up to the Court to determine whether circumstances have changed sufficiently, by virtue of the appearance of the undersigned, to move this matter forward notwithstanding the Court's prior stay.

As for the Motion for Translator, the Russian interpreter previously available through the Court and/or Government ought to be sufficient for the purpose of the waiver hearing, as the Petitioner does speak Russian. Accordingly, the Petitioner opposes the Government's move to saddle him with the expense of providing a Ukrainian interpreter.

Ironically, the Court has, arguably, already determined on the record that the Petitioner does not speak or understand English to the Court's satisfaction for the purpose of conducting a hearing. It is for that reason that the Court ordered a translator in the first place. Since the key issue in this case is whether or not the Petitioner was given an appropriate warning at an appropriate time, in a language that he understood, it can be argued that this issue has now been resolved in the Petitioner's favor. If his English is not

good now, it could not have been any better back then. In that event, it is reasonable to presume that the Petitioner is better off getting a decision in this regard, than pursuing any potential ineffective assistance of counsel claim. Prevailing on an ineffective assistance of counsel claim would, at best, simply give the Government another shot at denying the Petitioner the remedy he seeks, by giving the Government an opportunity to exercise discretion as opposed to requiring the Government to abide by the law with regard to warnings.

THE PETITIONER

by Roberto T. Lucheme, Esq.
His Attorney
Juris Number CT 09 911

41 Hebron Avenue
Glastonbury, CT 06033

Telephone: (860) 633-1962

3

## CERTIFICATION

I hereby certify that a copy of the above was mailed first-class, postage prepaid or hand delivered on November 4, 2003 to the following counsel of record.

Carolyn A. Ikari  
Assistant U.S. Attorney  
450 Main Street, Room 328  
Hartford, CT  06103

Michael Moore  
20 Maple Street  
Springfield, MA  01103

_____  
Roberto T. Lucheme, Esq.