UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VLADIMIR GRIGOUS, | : | |
| | : | |
| Petitioner, | : | CIVIL NO.  3:02CV1440(CFD) |
| | : | |
| v. | : | |
| | : | |
| JOHN ASHCROFT, ATTORNEY | : | |
| GENERAL, UNITED STATES OF | : | |
| AMERICA, | : | |
| | : | |
| Respondent. | : | NOVEMBER 7, 2003 |

**RESPONDENT'S MEMORANDUM IN OPPOSITION TO MOTION FOR SANCTIONS
AND IN REPLY TO OPPOSITION TO MOTION FOR TRANSLATOR**

Respondent, the Attorney General of the United States, respectfully submits this

opposition and response to Petitioner's omnibus motion and memorandum [doc. # not yet

entered ], in which Petitioner (1) seeks sanctions against the Government and undersigned

counsel, (2) offers to waive any ineffective assistance claim concerning Attorney Michael Moore,

(3) seeks cancellation of the conflicts hearing, and (4) objects to having to provide and pay for an

interpreter so that the Court can understand the petitioner.

First, I must acknowledge that I was wrong on page 3 of my earlier papers about Attorney

Lucheme being in the courtroom for the last hearing.  Attorney Moore introduced me to an

attorney who was seated in the gallery while we were waiting for Mr. Grigous (who did not

arrive).  Obviously I did not remember the attorney's name correctly and jumped to conclusions

when Attorney Lucheme entered his Appearance soon thereafter.  I apologize to Attorney

Lucheme and to the Court for my mistake.  Nevertheless, the issue of the connection, if any,

between Attorney Moore (who has not withdrawn his Appearance) and Attorney Lucheme is a

valid one, regardless of his attendance or lack thereof at the previously-attempted hearing.

Respondent stands by his suggested list of questions on this issue set forth in his earlier pleading.

Second, I attempted no "background investigation" of Attorney Lucheme fueled by "the power of the Government."  I simply typed his name into the Internet search engine yahoo.com, as I usually do when there is opposing counsel with whom I am not familiar.  The question of Attorney Lucheme's familiarity with immigration law also remains an entirely fair one.  If Attorney Lucheme does not have an already-existing competence in immigration law, it suggests he may be relying on Michael Moore in this matter.  If Michael Moore is still advising Petitioner, then any conflicts waiver is arguably flawed and the Government does not get the finality we are looking for in these proceedings.

Third, Respondent makes the following brief reply concerning the interpreter:  Petitioner incorrectly anticipates that he can expect the services of the Russian interpreter who appeared for the last hearing.  That last time could be considered a "freebie" on the Government's dime, occurring only because of a misunderstanding between the U.S. Attorney's Office and the Court staff.  We were willing to foot the bill on a one-time-only basis just to get the conflict issue resolved, once and for all.  The Clerk does not have the funds to pay for Petitioner's interpreter.  See 28 U.S.C. §§ 1827(c)(2), (g)(4); Message from Victoria Minor, Deputy Clerk of the District Court for the District of Connecticut.  The U.S. Attorney's Office does not have any funds allocated to pay for its civil opponents' costs, nor should it.  For pre-trial purposes, the party seeking translation bears the cost.  In re Puerto Rico Elec. Power Authority, 687 F.2d 501, 509 (1st Cir. 1982).  In this instance, the Court seeks the translation, not the respondent.  In Respondent's view, Petitioner brought this action and it is his burden to provide the means to

- 2 -

adequately communicate with the Court.  See In re Puerto Rico Elec. Power Authority, 687 F.2d at 506 (starting from the "well-accepted principle that each party bear the ordinary burden of financing his own suit"); Rule 43(f), Fed. R. Civ. P. (permitting Court to direct a party to pay interpreter's compensation).

Finally, Attorney Lucheme argues that the translator issue is dispositive of the merits of the original petition.  We disagree.  It is true that a key part of the underlying issue is the adequacy of notice to the petitioner pursuant to applicable law.  However, the Government intends to argue that the undisputed notice to Attorney Moore was sufficient.  See Scorteanu v. Immigration and Naturalization Serv., 339 F.3d 407, 410 (6th Cir. 2003)(citing INA § 242B(a)(2)).    Therefore, whether notice was given by the INS directly to Petitioner in any language is irrelevant.

For the foregoing reasons, the Government respectfully requests that Petitioner's Motion For Decision [doc. # 16] be denied, Petitioner's Motion For Sanctions [doc. # not yet entered] be denied, Respondent's Motion For Translator [doc. #17 & #18] be granted, and the conflicts hearing rescheduled as soon as practicable.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


CAROLYN A. IKARI
ASSISTANT UNITED STATES ATTORNEY
450 Main Street, Room 328
Hartford, Connecticut  06103
(860) 947-1101
Federal Bar No. ct13437

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, first-class, postage prepaid, on this 7th day of November, 2003 to:

Roberto T. Lucheme
41 Hebron Avenue
Glastonbury, Connecticut 06033

Michael G. Moore
Law Offices of Maria De Castro Foden
107 Oak Street
Hartford, Connecticut  06106

Michael G. Moore
1694 Main Street
Springfield, Massachusetts 01103.

_____
CAROLYN A. IKARI
ASSISTANT UNITED STATES ATTORNEY

- 4 -